IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALSTON OUTDOOR ADVERTISING LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-01433-N |
| CITY OF DALLAS, *et al.*, | § § § | |
| Defendants. | § § § | |

### **MEMORANDUM OPINION AND ORDER**

This order addresses the motions to dismiss [11, 15] brought by Defendants, the City of Dallas (the "City") and the Dallas Board of Adjustment's (the "Board"). Because the Court lacks subject matter jurisdiction, the Court grants the motion.

### I. Origins of the Dispute

This case arises from Ralston Outdoor Advertising, Ltd.'s ("Ralston") ownership of a detached nonpremises sign (the "Sign"), more commonly known as a billboard, located on a Dallas Area Rapid Transit ("DART") right-of-way. DART notified Ralston in 2020 that its construction plans for the new Silver Line expansion required Ralston to remove the Sign. Compl. ¶ 8 [1]. But DART and Ralston struggled to find a suitable new place for the Sign, as the Dallas City Code now bans the construction of new detached nonpremises signs and imposes several relocation restrictions on existing signs. *Id.* ¶¶ 9–14. When DART and Ralston could not identify a compliant location, Ralston submitted an application to the City to relocate the sign outside of DART's right-of-way.

MEMORANDUM OPINION AND ORDER – PAGE 1

*Id.* ¶ 15. The City first refused to accept the application because it deemed the proposed site improper. *Id.* Then, after further correspondence from Ralston's attorney, the City officially denied the application. *Id.* ¶ 16. Ralston appealed the denial to the Board, which affirmed the City's decision. *Id.*

Ralston filed this action seeking review of the Board's interpretation of the relocation ordinance pursuant to Texas Local Government Code § 211.011 and, in the alternative, challenging its constitutionality. Defendants have moved to dismiss for both lack of jurisdiction and failure to state a claim upon which relief can be granted.

## II. THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER RALSTON'S CLAIMS

A "federal court may not rule on the merits of a case without first determining its jurisdiction." *Daves v. Dallas Cnty.*, 64 F.4th 616, 623 (5th Cir. 2023). Indeed, courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte," regardless of what has been raised by the parties. *Probasco v. Wal-Mart Stores Tex., LLC*, 2017 WL 11717523, at *2 (W.D. Tex. 2017) (quoting *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008)), *rev'd on other grounds*, 766 F. App'x 34 (5th Cir. 2019).

Ralston invokes federal question jurisdiction over its constitutional claims and supplemental jurisdiction over its petition for writ of certiorari to the Board. Compl. ¶¶ 5–6. Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Intuitively, federal question jurisdiction exists where the complaint asserts a claim created by federal

law. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (citing generally *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916)).

However, "interpretation of the federal question must be necessary to resolve the case." *Howery*, 243 F.3d at 917 (citing *Gully v. First Nat'l Bk.*, 299 U.S. 109, 112 (1936)). Accordingly, a "suit does not create federal question jurisdiction when the federal question appears only in an alternative argument for relief." *Howery*, 243 F.3d at 918 (citing *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 811–14 (1998)). As the Fifth Circuit has explained, "[a]n expansive interpretation of the federal question statute to allow federal courts to assert jurisdiction over cases with tangential and inessential federal components would step upon the authority of state courts to decide state law and ignore the capacity of state courts to decide questions of federal law." *Howery*, 243 F.3d at 918–19.

Here, Ralston asks the Court to reach its constitutional claims only in the event that it affirms the Board's interpretation of the Dallas City Code:

> Ralston contends that the City and Board illegally applied the Relocation to Remainder Section, *but if* they correctly applied the Relocation to Remainder section *then* the same section is unconstitutional. Ralston asks the Court to reverse the Board's decision . . . *or otherwise* declare the Relocation to Remainder Section unconstitutional.")

Compl. 2 (emphasis added). Under Ralston's construction of its claims, the Court may never need to reach a challenge to the constitutionality of the relocation ordinance. Accordingly, the Court lacks original subject-matter jurisdiction over Ralston's alternative constitutional claims, which also forecloses supplemental jurisdiction over Ralston's state law claim. *See* 28 U.S.C. § 1367(a).

Nor does the Court have original subject-matter jurisdiction over Ralston's petition for writ of certiorari to the Board. Federal question jurisdiction can exist over a cause of action created by state law, but only if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 917 (citing generally *Gully*, 299 U.S. at 112; *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1 (1983)). Ralston alleges several grounds of error by the Board, none of which implicate federal law: "the Board did not properly review the City official's decision" because it reviewed the official's actions for abuse of discretion rather than *de novo*; the Board improperly credited "the City official's negative response to the question of whether he believed he erred"; and the Board "fail[ed] to properly apply the Relocation to Remainder Section." Compl. ¶¶ 21–22, 24. Because Ralston has not established that some federal issue is an essential, necessary, and substantial element of its petition for writ of certiorari, the petition cannot support original subject-matter jurisdiction.

## Conclusion

Because constitutional claims pled in the alternative to pure state law claims cannot establish federal question jurisdiction, and Ralston's petition for writ of certiorari to the Board does not implicate an issue of federal law, the Court lacks subject-matter jurisdiction over Ralston's suit. The Court accordingly dismisses Ralston's claims without prejudice and with leave to amend. Provided that it can do so in a manner

consistent with this opinion, Ralston may file an amended petition within thirty (30) days of the date of this Order.

Signed July 26, 2023.

David C. Godbey
Chief United States District Judge