IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALSTON OUTDOOR ADVERTISING LTD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  3:22-CV-01433-N |
| CITY OF DALLAS, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants the City of Dallas (the "City") and the Dallas Board of Adjustment's (the "Board") motion to dismiss [35] Plaintiff Ralston Outdoor Advertising, Ltd.'s ("Ralston") amended complaint [34].  For the following reasons, the Court grants the motion.

### I. ORIGINS OF THE DISPUTE

This case arises from Ralston's ownership of a detached non-premise sign (the "Sign"), more commonly known as a billboard, located on a Dallas Area Rapid Transit ("DART") right-of-way.  DART notified Ralston in 2020 that its construction plans for the new Silver Line expansion required Ralston to remove the Sign.  Pl.'s Am. Compl. ¶ 7. DART and Ralston struggled to find a suitable new place for the Sign, as the Dallas City Code imposes several relocation restrictions on existing signs.  *Id.* at ¶¶ 8–15.  When DART and Ralston could not find a location that complied with relevant restrictions, Ralston submitted an application to the City to relocate the sign outside of DART's right-

of-way.  *Id.* at ¶ 13.  The City refused to consider the application because it deemed the proposed site improper.  *Id.* at ¶ 14.  Then, after further correspondence from Ralston's attorney, the City officially denied the application.  *Id.* at ¶ 15.  Ralston appealed the denial to the Board, which affirmed the City's decision.  *Id.* at ¶¶ 15–16.

Ralston filed this action seeking review of the Board's interpretation of Section 51A-7.307(d) (the "Relocation to Remainder Section") of the Dallas City Code, and, in the alternative, challenging the constitutionality of the Relocation to Remainder Section.  Pl.'s Compl. 2 [1].  Defendants previously moved to dismiss without prejudice for lack of jurisdiction or with prejudice for failure to state a claim.  Mot. to Dismiss [11], [15].  The Court granted the motion to dismiss without prejudice based on lack of subject-matter jurisdiction.  Order [33].  Ralston pled its constitutional question only in the alternative if the Court affirmed the Board's interpretation of the Dallas City Code, in direct conflict with this Circuit's precedent for subject-matter jurisdiction.  *Id.* at 3.  Ralston filed an amended complaint and no longer pleads its constitutional claims in the alternative.  Pl.'s Am. Compl. 2.  Defendants move to dismiss again for both lack of jurisdiction and failure to state a claim upon which relief can be granted.

## II.  THE COURT MAINTAINS SUBJECT-MATTER JURISDICTION OVER RALSTON'S CLAIMS

A "federal court may not rule on the merits of a case without first determining its jurisdiction."  *Daves v. Dallas Cnty.*, 64 F.4th 616, 623 (5th Cir. 2023) (en banc).  Indeed, courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte," regardless of what has been raised by the parties.  *Probasco v. Wal-Mart Stores Tex., LLC*,

2017 WL 11717523, at *2 (W.D. Tex. 2017) (quoting *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008)), *rev'd on other grounds*, 766 F. App'x 34 (5th Cir. 2019).  Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction can exist over a state-created cause of action if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).  In contrast to Ralston's first complaint, *see* Pl.'s Compl. at 2, Ralston's amended complaint now "asks the Court to declare the Relocation to Remainder Section unconstitutional, and therefore reverse the Board's decision and allow Ralston to receive the same treatment as signs that are located outside of the railroad right-of-way."  Pl.'s Am. Compl. at 3.  Ralston's new pleading requires the Court to rule on the constitutional question to resolve the case, therefore, giving the Court federal question jurisdiction.

## II.  THE LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

Upon a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  A viable complaint includes "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  To meet this standard, a plaintiff must "plead[] factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

### III. THE COURT DISMISSES RALSTON'S CLAIMS FOR FAILURE TO STATE A CLAIM

#### A. The Relocation to Remainder Section Does Not Clearly Violate Due Process

Ralston alleges that the Relocation to Remainder Section deprives it of due process in violation of the Fifth and Fourteenth Amendments.  Pl.'s Am. Compl. 1.  As a threshold matter, Ralston insufficiently pleads any cause of action for Fifth Amendment Due Process because Ralston does not plead that any actions by the federal government violated its due process rights.  *See Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996) ("[T]he Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case."); *see also Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").  Though Fourteenth Amendment due process does apply to municipalities, *see Dusenbery*, 534 U.S. at 167, Ralston does not specify whether it complains of an alleged violation of procedural due process or substantive due process under the Fourteenth Amendment.  Regardless, the Court holds that Ralston failed to plead sufficient facts to state a claim for either a procedural due process or substantive due process claim.

1. ***The Relocation to Remainder Section Does Not Violate Procedural Due Process.*** — Ralston does not plead any fact to sufficiently state a procedural due process claim. Ralston does not plead any fact regarding its entitlement to a property interest under Texas law. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) ("The hallmark of property, the Court has emphasized, is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'") (citations omitted); *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975) ("Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits.") (citation omitted). Furthermore, Ralston does not attack the actual process in which it was deprived of any alleged property interest. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Accordingly, the Court holds that Ralston does not plead sufficient facts for a procedural due process claim under the Fourteenth Amendment.

2. ***The Relocation to Remainder Section is Not Unduly Vague.*** — Ralston also challenges the Relocation to Remainder Section as unduly vague in violation of the Constitution. *See* Pl.'s Am. Compl. ¶ 30. Ralston cites *Village of Hoffman* in support that "an ordinance that is unduly vague is unconstitutional." *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982) Ralston does not assert that the

ordinance implicates a constitutionally protected conduct – the initial question the Court must ask in a constitutionally vague claim.  *Id.* at 494 ("In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct.").  Instead, Ralston seems to bring a facially vague challenge, which implicates due process. *See id.* at 497 ("A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as unduly vague, in violation of due process.").  A facial vagueness claim derives from a person's right to notice that an activity is prohibited.  *See Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 551 (5th Cir. 2008) ("In evaluating vagueness, a reviewing court should consider: (1) whether the law 'give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly;' and (2) whether the law provides explicit standards for those applying them to avoid arbitrary and discriminatory applications.") (citation omitted).

Ralston first alleges that the Relocation to Remainder Section is unduly vague because it fails to define a railroad right-of-way, a definition that does not exist anywhere in the code.  Pl.'s Am. Compl. ¶ 30.  Ralston also alleges the Relocation to Remainder Section is unduly vague because "the City's code expressly states that those signs CAN be relocated anywhere on the same railroad right-of-way," but does not state what should be done when a sign cannot be relocated.  Pl.'s Am. Compl. ¶ 21 (emphasis in original).  The unduly vague standard does not fit well with this pleading because Ralston's vagueness claim does not involve a prohibited activity.  Furthermore, in a successful facial vagueness

challenge "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Village of Hoffman*, 455 U.S. at 497.

Ralston's own pleadings show its understanding of the definition of a railroad right-of-way.  The pleadings make clear that Ralston understood that the Sign was located on a railroad right-of-way, worked with DART to find a new location for the Sign along the railroad right-of-way, and eventually understood no relocation could be made for the Sign along the railroad right-of-way.  Pl.'s Am. Compl. ¶¶ 7, 10.  Furthermore, a railroad right-of-way has generally understood legal meaning. *See, e.g.*, Tex. Transp. Code § 91.001(8) ("'Right-of-way' means a strip of land of a length and width determined by the [Texas Transportation C]ommission to be required, necessary, or convenient for the provision of a rail facility or system and the space over, under, or on the land where trackwork is to be located.").  Accordingly, the Court holds that the term railroad right-of-way is not unduly vague.

As for Ralston's argument that the Relocation to Remainder Section is unconstitutionally vague because it does not account for when a sign cannot be relocated — this pleading does not establish that there are no set of circumstances in which the ordinance would be valid.  In fact, the ordinance outlines many circumstances where a valid relocation would occur, for example, when a sign is "relocated on the remainder of the tract from which the parcel of land was acquired . . . ."  Dallas, Tex., Code § 51A-7.307(d).  Furthermore, the Dallas City Code specifies that "that nonconforming uses be eliminated and be required to comply with the regulations of the Dallas Development Code . . . ."  Dallas, Tex., Code § 51A-4.704.  DART could not find an appropriate

relocation for the sign that adhered to the Dallas City Code's regulations, and as a result, the sign is eliminated.  Accordingly, the Court holds that the Relocation to Remainder Section is not unduly vague in violation of due process.

   *3. The Relocation to Remainder Section Does Not Violate Substantive Due Process.* — Ralston does not plead sufficient facts to state a substantive due process claim. The purpose of substantive due process is to "protect[] those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition," which are not specifically enumerated by the Constitution. *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (citations omitted).  Ralston does not allege that it was deprived of a fundamental liberty interest protected by the Due Process Clause and in its Amended Complaint Ralston applies rational basis scrutiny.  *See* Pl.'s Am. Compl. ¶ 23 ("[T]here must be a rational basis to support the proposition that the legitimate purpose is served by applying a stricter regulation to signs located on a railroad right-of-way- than it applies to signs that are identical in all respects besides being located on non-railroad property."). Under rational basis review, "government action comports with substantive due process if the action is rationally related to a legitimate government interest."  *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (citations omitted).  A governmental action may be declared unconstitutional "[o]nly if such government action is 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare . . . .'"  *Id.* (quoting *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)).

The Dallas City Code specifies that the purpose of sign regulations is "to promote health, safety, welfare, convenience and enjoyment of public . . . ."  Dallas, Tex., Code § 51A-7.701.  Some of these purposes include that signs: (1) "do not create traffic hazards by confusing or distracting motorists, or by impairing the driver's ability to see pedestrians, obstacles, or other vehicles, or to ready traffic signs," (2) "do not interfere with scenic views," and that (3) "persons exposed to signs are not so overwhelmed by the number of messages presented that they cannot find the information they seek, and are able to observe or ignore messages, according to the observer's purpose," and more.  *Id*.  Thus, the City of Dallas has a legitimate interest in road safety and enjoyment, and the regulation of signage on the road is rationally related to that interest.  Accordingly, the Court holds that the Relocation to Remainder Section serves a legitimate purpose that is rationally related to the City's goals.

### B. The Relocation to Remainder Section Does Not Violate the Equal Protection Clause

Ralston also alleges a Fourteenth Amendment equal protection claim.  "The Fourteenth Amendment's promise that no person shall be denied the equal protection of the laws must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996); *see also Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 271-72 (1979) ("Most laws classify, and many affect certain groups unevenly, even though the law itself treats them no differently from all other members of the class described by the law. When the basic classification is rationally based, uneven effects upon

particular groups within a class are ordinarily of no constitutional concern."). "[I]f a law neither burdens a fundamental right nor targets a suspect class, [courts] will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Romer*, 517 U.S. at 631; *see also Heller v. Doe*, 509 U.S. 312, 319 (1993) ("[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity.").

Ralston pleads that under the Relocation to Remainder Section, "the City is classifying otherwise identical expressway signs differently solely based on whether a sign is located on or off of a railroad right-of-way." Pl.'s Am. Compl. ¶ 25. Ralston further alleges, "[t]he City may not rely on the classification if the relationship to its stated goal is so attenuated as to render the distinction arbitrary or irrational." *Id.* Ralston does not plead that classification involves a fundamental right or should receive a suspect classification. Therefore, the regulation receives rational basis review. As the Court held for Ralston's substantive due process claims, *supra*, the Court holds that the Relocation to Remainder Section serves a legitimate purpose that is rationally related to the City's goals.

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, the Court grants the Defendants' motion to dismiss in its entirety. Ralston already amended its pleadings once and did not request leave to amend its pleadings again. Accordingly, the Court dismisses all claims with prejudice.

MEMORANDUM OPINION AND ORDER – PAGE 10

Signed March 20, 2024.

David C. Godbey
Chief United States District Judge